## THE ROSEMARY et al.

(District Court, E. D. Virginia. February 23, 1925.)

**1. Seamen 29(5)—Award of $200 for failure to furnish proper medical treatment and $300 damages held reasonable for injury.**

Where mate of vessel was injured in performance of duties, but injuries, while serious, were apparently not permanent, held, that award of $200 for failure to furnish proper medical treatment and $300 as damages for injury was reasonable.

**2. Seamen 14—Demotion of mate, who had been injured, held reasonable.**

Though right of master to demote mate on voyage, in absence of approval of consul of ship's country, may be questioned, action held reasonable, where mate had been injured.

**3. Seamen 20—Ship should not be held liable for difference in pay of mate, demoted when injured, where allowance made him for injuries.**

Where allowance has been made for injuries, ship should not be held liable for difference in pay after demotion following injury.

**4. Seamen 10—Complaint of quantity and quality of food should be made during voyage.**

Complaint of members of crew, based on quantity and quality of food furnished during voyage, should be made in appropriate manner to steward or mate during voyage.

In Admiralty. Libel by William Noirmot and others against the schooner Rosemary and others. Decree in favor of libelant named, and libel otherwise dismissed.

Decree affirmed 9 F.(2d) 982.

Jacob Louis Morewitz, of Newport News, Va., for libelants.

John V. Groner, of Norfolk, Va. (Groner & Gary, of Norfolk, Va., S. L. Sinnott, of Richmond, Va., and Barham R. Gary, of Norfolk, Va., on the brief), for respondents.

WADDILL, Circuit Judge. The libel in this case was filed by Noirmot, late a mate on the schooner Rosemary, along with J. Olsen, Peder Hansen, J. Windehl, and M. Derrane, late members of the crew of said vessel.

The Rosemary was an American vessel at the time of the occurrences herein involved, engaged in trade between the ports of Norfolk, Va., and St. Johns, Newfoundland. Noirmot sets up a separate claim against the schooner—first, for injuries sustained on falling from a ladder, which he was using in the discharge of his duties, the timbers of which were in a defective and rotten condition, causing the same to break; second, for failure to furnish proper medical cure and treatment to said Noirmot for the injuries sustained; third, for a balance of wages due him, and, in default of payment when due, to the statutory penalty of double wages during the period the same were wrongfully withheld; fourth, for an allowance by reason of the shortage and bad quality of the food furnished on the voyage, and for the penalty aforesaid accruing until such amount was paid; and, fifth, for the allowance of 23 hours' extra or over time alleged to be due.

The four libelants, other than Noirmot, base their claims upon the fourth ground of claim stated by Noirmot, viz. the shortage and bad quality of the food and stores furnished on the voyage, as specified in the shipping articles, and for the statutory penalty during the failure to make proper payment of the sums in arrears on these accounts.

Respondents deny liability to the libelants on account of any of the causes of action sued for. Upon the issue joined, considerable testimony was adduced, partly by deposition and partly orally before the court, and the claims will be passed upon in the order indicated.

Libelant Noirmot's assertion of liability for personal injuries received by him, and the failure to furnish medical treatment and cure in connection therewith, is predicated upon the vessel's failure to furnish him a reasonably safe place in which to work, and reasonably safe and suitable appliances in connection with the service. The testimony, as viewed by the court, establishes libelant's right of recovery in the two particulars mentioned. The ladder upon which he was standing gave way by the breaking of two rungs, causing the libelant to fall and sustain the injuries sued for. The extent of the injuries, while serious, were apparently not permanent in character, and at first seemed unimportant, but later developed into what was painful to the libelant and of more or less serious consequence in connection with his work as a seafaring man. The injuries as to his leg and to his arm, especially his wrist, were apparent upon inspec-

tion, and while some six months or more after the injury the grasp of the injured hand was impaired, the indications were not of permanent character. Noirmot insists that medical aid should have been more promptly furnished him, and that the respondents failed to discharge their duty in this regard.

[1] What respondents did should be viewed in the light of the injuries as developed, and their acts of omission or commission met by making a reasonable allowance on account of such cure and loss of time incident thereto. Just what should be allowed as damages, as well for the injuries sustained as for the failure to furnish medical treatment in the cure of this libelant, is difficult to say; but it does not occur to the court on the whole case that libelant's injuries were or will prove of a very serious character, and hence that an award of $200 for the failure to furnish such treatment, and the sum of $300 additional for damages by reason of the injury sustained, together with costs, is reasonable under all the circumstances.

Considering the last three claims asserted by Noirmot, for a balance of wages alleged to be due, for extra hours of service, and shortage of food and the bad quality thereof, and for penalties incident thereto, the court does not consider the same well founded. The claim as to the balance of wages is based upon the fact that the master of the vessel demoted Noirmot from first to second mate, reducing his pay $10 per month, and it is over this difference between $80 and $70 a month that this claim is made. Noirmot refused to receive the $70 in full of his wages, and the master paid the amount into court in these proceedings, claiming it to be in full of such wages, and the same has since been paid to Noirmot.

[2, 3] While the right of a master to demote a seaman on voyage, especially in a harbor, in the absence of the approval of the consul of the ship's country, may be questioned, still what was done here was reasonable, taking into account the fact that the mate had been injured, and the master had to take that condition into account along with others. Libelant Noirmot has already been allowed for his time lost in his cure, and the ship ought not to bear the same a second time, and the claim for double pay virtually for several months past should fall, if, indeed, the same could ever have been maintained. [4] The claim for $18 for extra time should, upon the evidence, be denied, as should also that based upon the quantity and quality of the food furnished. No complaint was made as to the food on the voyage, and the libelant's claim that he was afraid to make the same seems a mere afterthought, and is not otherwise entitled to support in view of the fact that he, and the seamen on board, could, in an appropriate manner, through the steward or mate, have made known their objection to the food; that is, assuming the facts warranted their contention, which is not entirely clear from the testimony.

For the reasons stated in denying the right of Noirmot to damages for failure to furnish food of the quality and character contracted for, and the penalties arising therefrom, the claims asserted by the four libelants, other than Noirmot, should also be denied. On the part of these four seamen, preferment of the claim also was an apparent afterthought. They had signed in full for their wages, and up to that time no assertion thereof had been made, nor complaint of the food had. Seamen who wish to assert such demands, involving, as is claimed, a penalty of double wages until the same are paid, ought to do so promptly, and not wait until the voyage is over, and then make the same after having been paid off; also, when dissatisfied with the food furnished them in circumstances such as here, seamen should through appropriate channels on shipboard make known their complaints, and it is only reasonable that they should do so, to the end that relief may then and there be afforded, if the claims are well founded. Certainly they ought not to delay making complaint to the extent they did here.

A decree will be entered in favor of the libelant Noirmot for $500 for the damages sustained by him, and for his maintenance and medical treatment and cure as hereinbefore specified, with costs, and the libel otherwise dismissed, as well on his own behalf as of the four seamen named therein as libelants.